WILLIAM AVEDON, Appellant, *v.* GEM DRESS HOUSE, INC., Respondent.

First Department, January 14, 1921.

**Corporation — action against corporation to recover for wrongful discharge from employment — agreement by promoter of corporation to pay plaintiff on termination of contract sum equal to dividends on stock held by plaintiff in consideration of release to promoter of all claims to said stock — corporation not liable where dividends not declared on such stock — complaint not stating cause of action.**

Complaint in an action against a corporation to recover damages for wrongful discharge from employment does not state a cause of action, where it is alleged that the plaintiff and another entered into an agreement to form a corporation by the terms of which the plaintiff was to work for the corporation at a stipulated salary and on the termination of his relation he was to be paid a sum equal to the dividends on the stock certificates held by him in consideration of his releasing and returning the stock certificates; that the corporation was organized and earned profits during the period of plaintiff's employment, but after his discharge failed and refused to pay him a sum equal to the dividends on his stock.

The provision for the payment of a sum equal to dividends was not a part of plaintiff's compensation to be paid by the corporation but was an agreement of the other promoter to pay such sum in consideration of a release to him of all claim to the shares of stock which were issued to the plaintiff and assigned to the other promoter as security for the purchase price which he advanced to the plaintiff, and the plaintiff has no cause of action at law to recover the amount which he assumes the corporation should have declared as dividends.

APPEAL by the plaintiff, William Avedon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of April, 1920, granting defendant's motion for judgment on the pleadings and dismissing the complaint.

*Morse S. Hirsch* of counsel [*Morris & Samuel Meyers,* attorneys], for the appellant.

*Max Schleimer* of counsel [*Stone & Schleimer,* attorneys], for the respondent.

PAGE, J.:

The appellant states in his brief that the action is to recover damages for a wrongful discharge from employment. The

plaintiff and Harry Wadler entered into a written agreement under seal, a copy of which is annexed to the answer and admitted by the reply, and hence may be considered as controlling upon the motion which tests the sufficiency of the complaint. In this agreement the parties agreed to form a corporation with a capital stock of five thousand dollars, divided into one hundred shares of the par value of fifty dollars each. Wadler agreed to subscribe and pay for forty-four shares at par. The plaintiff agreed to subscribe and pay for forty-five shares, which he was to transfer and assign to Wadler, who was to loan to plaintiff the money to pay for them. All dividends to be declared on the forty-five shares of stock were to be paid to Wadler and applied toward the indebtedness of the plaintiff to Wadler. When the indebtedness was fully paid the plaintiff was to have possession of the stock, but not the title thereto, so as to fully secure the performance by the plaintiff of all the conditions and covenants of the contract. The corporation was to be managed by three directors, of whom the parties to the agreement were to be two. The plaintiff was to be employed by the corporation at a salary of fifty dollars per week and to devote all his time and attention to the business of the corporation for a term ending December 1, 1918, at which time the plaintiff agreed to resign as officer and director of the corporation and sever all connections therewith; he was then to be entitled to a sum equal to the dividends on forty-five shares of stock, upon payment of which he agreed to execute and deliver to the corporation and to Wadler a general release of all claim and return the stock certificates if he had possession of them. It was further agreed that Wadler should have the right, on giving four weeks' written notice, to terminate the plaintiff's connection with the business on June 15, 1917, at which time he was to pay to plaintiff a sum equal to the dividends on forty-five shares of stock, upon payment of which plaintiff was to execute the release and return the stock certificates as provided for on the termination of the contract. The contract further provides: "Should the employment of the party of the second part with said corporation cease, end or terminate for any cause or without cause or should he refuse to continue in the employ of the corporation or refuse to devote his time for the benefit

First Department, January, 1921. [Vol. 194.

of said corporation * * * or should he breach or violate any of the terms, conditions, or covenants of this agreement," then at Wadler's option and upon one week's written notice "he shall sever all his connections with said corporation and withdraw and resign as officer and director, and the offices shall be declared vacant."

The contract further provides that " The parties hereto will at no time claim any alteration, modification or extension of this agreement or of the by-laws which the parties agree shall be drawn in accordance therewith, or claim a waiver of any of the conditions and covenants herein contained or of the making of any new or other agreement contrary to the terms and conditions hereof unless the same shall be in writing and signed by the parties hereto. It is further agreed that under no circumstances will either party claim a waiver of the provisions of this paragraph, it being understood that their acquiescence in these provisions are part of the consideration from each to the other for the acceptance of this agreement, this being the only binding agreement between them."

On June 15, 1917, the parties modified the agreement so as to make it expire on October 1, 1917, instead of December 1, 1918, by a sealed instrument in writing, which recites: " To induce Mr. Wadler to enter into this agreement and extend the agreement of November 13th, 1916, accordingly and for other consideration received, Mr. Avedon agrees to devote his entire time and energy for the interest of the Company. It is further agreed that Mr. Avedon, from now on, shall not engage in any other line, or this line of business during the period of this contract."

" In consideration of the services to be rendered by Mr. Avedon, it is hereby agreed that his salary shall be Seventy-five ($75.00) dollars per week, for the period of this agreement, in place of Fifty ($50.00) dollars per week as heretofore."

The complaint alleges that the corporation was formed in pursuance of the said agreement, and assumed, adopted, ratified and confirmed said agreement; that plaintiff duly performed all the conditions on his part to be performed except in so far as he has been prevented from so doing by the defendant; that on September 8, 1917, defendant, without just cause or provocation, discharged the plaintiff from his

said employment; that on October 1, 1917, the date of the termination of the contract, the plaintiff was ready and willing to perform the terms of the contract, but that defendant failed and refused and still fails and refuses to pay to plaintiff a sum equal to the dividends on forty-five shares of stock of said company; upon information and belief that the defendant earned profits during the period of at least $60,000; and that the defendant in order to deprive the plaintiff of his compensation under the contract and in bad faith failed, refused and neglected to declare any dividends. It is also alleged that a sum equal to the dividends on forty-five shares of stock should be construed to mean a sum equal to forty-five ninetieths, or one-half of the profits of the defendant during the term of the contract. Judgment is demanded for $30,000.

The plaintiff, in my opinion, has not stated facts sufficient to constitute a cause of action against the corporation defendant. The provision for a payment of a sum equal to dividends was not a part of his compensation to be paid by the corporation, but was an agreement of Wadler to pay such sum in consideration of a release to him of all claim to the shares of stock which were issued to the plaintiff and pledged to Wadler as security for the purchase price which he advanced to the plaintiff. Whatever may be the right of action against Wadler, inasmuch as no dividends have been declared, the plaintiff has no cause of action at law to recover the amount which he assumes the corporation should have declared as dividends. (*Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1, 27.) For aught that appears he is still a stockholder and has an aliquot interest in the surplus profits, but until dividends are declared he cannot recover that portion of the surplus.

The order should be affirmed, with ten dollars costs and disbursements, and final judgment directed to be entered in favor of the defendant dismissing the complaint, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, and final judgment directed dismissing the complaint, with costs.